UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| OMAR NIDAL | * | NUMBER: |
| | * | |
| VERSUS | * | JUDGE: |
| | * | |
| MT. HAWLEY INSURANCE COMPANY | * | MAGISTRATE: |
| | * | |
| ***************************************** | * | |

## NOTICE OF REMOVAL

Defendant Mt. Hawley Insurance Company ("Mt. Hawley") files this Notice of Removal of this action from the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, to the United States District Court for the Middle District of Louisiana, the district in which the 19th Judicial District Court of East Baton Rouge Parish is located. By filing this Notice of Removal, Mt. Hawley preserves, and does not waive, its right to raise any and all rights, defenses, exceptions, objections, and demands in both state and federal court. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441 and 1446. In support hereof, Mt. Hawley respectfully shows this Court as follows:

## PLAINTIFF'S ALLEGATIONS

1.  On August 17, 2023, Omar Nidal ("Plaintiff") commenced an action against Mt. Hawley in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, entitled *Omar Nidal versus Mt. Hawley Insurance Company*, pending as Case No. C-736068, Section 24 (the "State Court Case"), a certified copy of which is attached hereto as Exhibit "A."

2.  Plaintiff's Petition for Breach of Contract, Exemplary Damages, Compensatory Damages, Penalties and Attorneys' Fees ("Petition") contends that Plaintiff's property sustained damage covered under a policy of property insurance issued by Mt. Hawley. Ex. A, Petition at ¶¶ 2-4. The Petition further alleges that Mt. Hawley committed violations of Louisiana law by

purportedly refusing to pay for covered damages under the insurance policy, and alleges that Mt. Hawley is liable for statutory penalties under Louisiana Revised Statutes 22:1892 and 22:1973, and for attorney fees.  Ex. A, Petition at ¶¶ 12-13.

## TIMELINESS OF REMOVAL

3. Defendant Mt. Hawley was served with Plaintiff's Petition in the State Court Case via the Louisiana Secretary of State on August 23, 2023. As such, removal is timely because thirty (30) days have not elapsed since Mt. Hawley first received the Petition, as required by 28 U.S.C. § 1446(b).

## BASIS OF REMOVAL – DIVERSITY JURISDICTION

4. This Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332 in that this is a civil action between citizens of different states where the matter in controversy exceeds $75,000.

**A. The amount in controversy exceeds the minimum jurisdictional requirements.**

5. The Notice of Removal may assert the amount in controversy where, as here, a case is removed from a state that does not permit a plaintiff to demand a specific sum of money. 28 U.S.C. § 1446(c)(2)(A)(ii).  In such a case, "[t]he defendant may prove that amount either by demonstrating that the claims are likely above $75,000 in sum or value, or by setting forth facts in controversy that support a finding of the requisite amount." *Gebbia v. Wal-Mart Stores, Inc.*, 233 F. 3d 880, 882-83 (5th Cir. 2000) (citing *Luckett v. Delta Airlines, Inc.*, 171 F. 3d 295, 298 (5th Cir. 1999)).

6. Plaintiff's Petition contends that its property sustained "significant" damage under a policy of property insurance issued by Mt. Hawley.  Ex. A, Petition at ¶¶ 2-4, 7.  The Petition further alleges that Mt. Hawley committed violations of Louisiana law by purportedly refusing to

2

pay for covered damages under the insurance policy. Ex. A, Petition at ¶¶ 8-15. The Petition further alleges that Mt. Hawley is liable for statutory penalties under Louisiana Revised Statutes 22:1892 and 22:1973, and for attorney fees. Ex. A, Petition at ¶¶ 12-13.

7.  Although Mt. Hawley denies that it acted in bad faith, claims for penalties and attorney fees are properly included when determining the jurisdictional amount. *See*, *e.g.*, *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (noting that attorney fees and penalties are included in determining jurisdictional amount when party could be liable for same under state law). These claimed penalties and attorney fees further establish that the amount-in-controversy requirement has been satisfied.

8.  Moreover, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaint" stating that the damages are not more than the minimum jurisdictional amount. *De Aguilar v. Boeing Co.*, 47 F. 3d 1404, 1412 (5th Cir.1995) (emphasis added). "The general principle is that plaintiffs will have to show that they are bound irrevocably by their state pleadings." *De Aguilar*, 47 F.3d at 1412 n.10. No binding stipulation or affidavit was filed with the Petition. Nor does the Petition include an allegation that the damages sought are less than the jurisdictional minimum of this Court, which, if that representation were true, would be required by Louisiana Code of Civil Procedure article 893.[1]

9.  Undersigned counsel sent a letter to Plaintiff's counsel requesting that Plaintiff execute a binding stipulation pursuant to *DeAguilar v. Boeing Co.*, 47 F. 3d 1404, 1412 (5th Cir. 1995), agreeing that he would seek less than and would not accept more than $75,000.00,

---

[1] Louisiana Code of Civil Procedure article 893 states in pertinent part that "[t]he prayer for relief [in any original, amended, or incidental demand] shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish . . . the lack of jurisdiction of federal courts due to insufficiency of damages . . . a general allegation that the claim . . . is less than the requisite amount is required."

excluding interests and costs, to avoid removal. Plaintiff declined to do so, further confirming that the damages he is seeking in this lawsuit are in excess of $75,000.00.

10. Accordingly, the facts in this matter show that Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. Therefore, the amount-in-controversy requirement of 28 U.S.C. § 1332(a) has been satisfied.

**B. There is complete diversity between Plaintiffs and Mt. Hawley.**

11. Under the diversity statute, a corporation "shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). As set forth below, there is complete diversity between Plaintiff and Defendant.

12. Plaintiff Omar Nidal is an individual domiciled in Louisiana. Thus, for purposes of determining diversity jurisdiction, Plaintiff is a citizen of the State of Louisiana.

13. Defendant Mt. Hawley is a corporation organized under the laws of the State of Illinois, with its principal place of business in Illinois. Accordingly, Mt. Hawley is a citizen of the State of Illinois for purposes of determining diversity jurisdiction. 28 U.S.C. § 1332(c)(1).

14. For all of these reasons, complete diversity exists in this case and removal is proper because Plaintiff is a citizen of the State of Louisiana, and Mt. Hawley is a citizen of the State of Illinois.

## REMOVAL PROCEDURE

15. A copy of this Notice of Removal and a notice of the filing thereof will be filed in the State Court Case. A copy of this Notice of Removal will also be served on Plaintiff.

16. A copy of this Notice of Removal is being served upon all known counsel of record in accordance with 28 U.S.C. § 1446(d).

17. In accordance with 28 U.S.C. § 1446(d), a copy of the Notice to the Clerk of Court for the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, which has been filed in that court, is attached hereto as Exhibit "B."

18. The listing required pursuant to 28 U.S.C. § 1447(b) is filed herewith as Exhibit "C."

19. In accordance with 28 U.S.C. § 1446(a), attached as Exhibit A is a certified true and complete copy of the record in *Omar Nidal versus Mt. Hawley Insurance Company*, pending as Case No. C-736068 on the docket of the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana.

20. Mt. Hawley has filed contemporaneously herewith a civil cover sheet.

WHEREFORE, Defendant Mt. Hawley Insurance Company prays that the above-described action now pending in the 19th Judicial District Court for the Parish of East Baton Rouge, State of Louisiana, be removed to this Court, and that the Court grant it such further relief to which it has shown itself entitled.

    Respectfully submitted,

*Julie S. Meaders*
Seth A. Schmeeckle, La. Bar No. 27076 (T.A.)
Julie S. Meaders, La. Bar No. 39984
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
601 Poydras Street, 27th Floor
New Orleans, LA 70130
T: (504) 568-1990
F: (504) 310-9195
sschmeeckle@lawla.com
jmeaders@lawla.com

***Attorneys for Defendant,***
***Mt. Hawley Insurance Company***

## **CERTIFICATE OF SERVICE**

   This is to certify that a true and correct copy of the above and foregoing instrument is being served upon counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure, on this 22nd day of September 2023.

               *Julie S. Meaders*
               Julie S. Meaders